WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen J. Clitso,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Michael J. Astrue,<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | NO. CIV-06-1423-PCT-SMM<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motion for Summary Judgment (Dkt. 13), and Defendant's Cross-Motion for Summary Judgment (Dkt. 17). After consideration of the arguments advanced by the parties, the Court makes the following rulings.

**BACKGROUND**

Plaintiff filed an application for Supplemental Security Income with the Social Security Administration ("SSA") on March 23, 2001, alleging an onset date of disability of September 21, 1992. (Administrative Record ("AR") 95). Plaintiff asserted disability on the basis of severe pain in her abdomen, lower back, and legs. (AR at 105). The SSA denied Plaintiff's claim initially and on reconsideration. (AR at 47-59). Plaintiff appealed and had a hearing before an Administrative Law Judge, who again denied her claims by decision dated September 16, 2003. Plaintiff again appealed and the Appeals

Council granted Plaintiff's request for review. (AR at 28).  A supplemental hearing was held before Administrative Law Judge Barbara Licha Perkins (the "ALJ") on March 1, 2005, where Plaintiff, with the assistance of council, appeared and testified. (AR at 28). In a decision dated May 23, 2005, the ALJ found that Plaintiff was not eligible for Supplemental Security Income. (AR at 38).

In the five-step evaluation process the SSA uses to determine eligibility for benefits, 20 C.F.R. § 404.1520, the ALJ found, and Plaintiff does not dispute, that: (1) Plaintiff has not engaged in substantial gainful activity since filing her petition; (2) Plaintiff has a medically determinable impairment which is "severe" within the meaning of the Social Security Act; (3) Plaintiff's impairments do not meet or equal the impairment listings; and (4) that Plaintiff is unable to return to her past relevant work. (AR at 36-37).  At step five, which Plaintiff disputes, the ALJ found that Plaintiff, though severely impaired, had the residual functional capacity ("RFC") for a wide range of sedentary work.  The ALJ also found that Plaintiff's RFC rendered her able to perform other work existing in significant numbers in the national economy, such as that of an order clerk or jewelry bench hand.  (AR at 36).  Plaintiff now seeks judicial review of the ALJ's determination from this Court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The decision of the Commissioner must be affirmed if it is supported by substantial evidence and the Commissioner applied the correct legal standards. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003).  When reviewing factual determinations by the Commissioner, acting through the ALJ, this Court affirms if substantial evidence supports the determinations.  *See Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003); *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  *See Howard ex rel. Wolff v. Barnhart*, 341

1 F.3d 1006, 1011 (9th Cir. 2003); *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). Substantial evidence, considering the entire record, is relevant evidence which a reasonable person might accept as adequate to support a conclusion. *Howard*, 341 F.3d at 1011; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the Court may not substitute its judgment for that of the Commissioner. *See Batson*, 359 F.3d at 1193; *McCartey v. Massanari*, 298 F.3d 1072, 1075 (9th Cir. 2002). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *See Benton*, 331 F.3d at 1040; *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The ALJ's determinations of law are reviewed de novo, although deference is owed to a reasonable construction of the applicable statutes. *See Edlund*, 253 F.3d at 1156; *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). At all times, the claimant carries the burden of proving disability and failure to prove disability justifies a denial of benefits. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).

## DISCUSSION

The ALJ found that Plaintiff, though severely impaired, had sufficient RFC for a wide range of sedentary work. (AR at 37). Plaintiff argues that the ALJ erred in her assessment of Plaintiff's RFC because she failed: (1) to give controlling weight to the opinion of the treating physician; (2) to provide a proper analysis of the opinions of physician's assistant Benjamin Henderson; (3) to give a proper assessment of Plaintiff's testimony; and (4) to consider all of plaintiffs limitations in the determination of her RFC. (Dkt. 14 at 2-3). The Court will address each of Plaintiff's arguments in turn.

### 1. **Treating Physician's Opinion**

Plaintiff argues that the ALJ failed to follow or properly analyze the opinion of treating physician Dr. Knott, and failed to provide adequate reasons for rejecting his

opinion. (Dkt. 14 at 3). The ALJ is only required to determine if a Plaintiff meets the statutory definition of a disability. "A statement by a medical source that [Plaintiff is] 'disabled' or 'unable to work' does not mean that [the ALJ] will determine that [Plaintiff is] disabled." 20 C.F.R. § 416.927(e)(1) (2006). Plaintiff's brief cites frequent instances where Dr. Knott stated that Plaintiff suffered from chronic pain, and that she would be limited in what work she could do, if any, (Dkt. 14 at 4-5) but no instances where Dr. Knott described "any anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). In fact the only source cited by either party which identifies a diagnosis of a condition which could cause pain for a period exceeding 12 months[1] is Dr. Jane Barnwell, whose opinion the ALJ gave extensive consideration, and with whom she generally agreed in her finding. (AR at 30).[2] With regard to Dr. Knott, the ALJ explained that his functional capacity assessment (AR at 194-198) contained "no medical diagnosis" and "no indication of signs or findings that might support a diagnosis." The ALJ gave clear and convincing reasons for not giving Dr. Knott's opinion controlling weight, and those reasons were supported by substantial evidence. Therefore, the ALJ did not commit legal error in not giving Dr. Knott's opinion controlling weight.

### 2. Mr. Henderson's Opinion

Plaintiff alleges that the ALJ failed to properly evaluate the opinion of Physician's

---

[1] 42 U.S.C. § 423 defines disability, in part, as "medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months."

[2] Plaintiff claims that there were no other examining doctors besides Dr. Knott upon which the ALJ could base her opinion (Dkt. 14 at 6); however, Plaintiff overlooked Dr. Barnwell. Earlier, Plaintiff suggested that the ALJ's report was contradictory since the ALJ stated that there was no indication of signs or findings in Dr. Knott's reports which could support a diagnosis, yet still found that Plaintiff had myofacial pain syndrome. *Id*. Similarly, that diagnosis was made by Dr. Barnwell, not Dr. Knott.

Assistant Benjamin Henderson, and failed to provide adequate reasons for rejecting his opinion. Plaintiff's own pleading notes that the Social Security Administration has ruled that information from Physician's Assistants "cannot establish the existence of a medically determinable impairment" though they may provide some "insight" into an individual's condition. SSR No. 06-03p (C.E. 2006), 2006 SSR LEXIS 4. Furthermore, Plaintiffs correctly note that lay testimony must either be considered or reasons must be given as to why it was disregarded. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). In this case, however, Mr. Henderson did not testify, instead his reports were part of the record. Far more importantly, the ALJ addressed Mr. Henderson's reports at length, stating specifically why she afforded them little weight. (AR at 34). The ALJ fully evaluated Mr. Henderson's reports, gave germane reasons why she gave them little weight, and those reasons were supported by substantial evidence. Therefore, the ALJ did not commit legal error in giving Mr. Henderson's opinion little weight.

### 3. **Plaintiff's Testimony**

Plaintiff argues that the ALJ erroneously found Plaintiff's testimony not credible because she did not sufficiently address the reasons for the credibility finding. In determining the credibility of Plaintiff's testimony, the ALJ was required to give "specific reasons for the finding on credibility, supported by the evidence in the case record," and to be "sufficiently specific to make clear to the individual and to any subsequent reviewers the weight [she] gave to [Plaintiff's] statements and the reasons for that weight." SSR No. 96-7p (C.E. 1996), 1996 SSR LEXIS 4. The SSA has set out certain factors to consider in determining the credibility of Plaintiff's statements: (1) the consistency, both internally and with the case record, of such statements; (2) whether such statements are substantiated by objective medical evidence; (3) whether the medical record demonstrates that Plaintiff attempted to seek treatment and followed it once prescribed; (4) other sources of information; (5) observations of the Plaintiff by the ALJ and others; and (6) findings by

State agency physicians and consultants. *Id.* If the ALJ gave specific reasons for her credibility finding, and they are supported by substantial evidence, this Court may not substitute its judgment for hers. *See Batson*, 359 F.3d at 1193; *McCartey*, 298 F.3d at 1075.

In her decision, the ALJ made certain findings within the rubric discussed above. First, she found that there were inconsistencies between Plaintiff's statements and the record. For example, the ALJ noted that there were two instances of activity in 2002, digging and lake swimming, which were inconsistent with what Plaintiff stated she was able to do. (AR at 31). The ALJ also noted that Plaintiff's claims that her pain was related to her cesarean delivery were inconsistent with the lack of complaints accompanying her third pregnancy beginning in 1997. (AR at 31). Second, the ALJ noted that there were several instances where Plaintiff's statements did not appear to be supported by evidence in the record, such as where Plaintiff appeared for the hearing using a cane and noted that she had been told to use a back brace, despite the fact that neither of these aids had been prescribed to her by a doctor since 1992. (AR at 32). Third, while the ALJ found that Plaintiff sought medical treatment, she noted that Plaintiff did not always follow her doctor's recommendations. Significantly, following examination by the pain specialist Dr. Barnwell, Plaintiff was given recommendations which included injections and physical therapy, yet there was no indication in the record that she followed these recommendations. (AR at 30). Plaintiff mentions that the record notes a plan to discuss Dr. Barnwell's report, but presents no evidence that she did ever follow through on those recommendations. (Dkt. 14 at 14). Fourth, the ALJ extensively reviewed the reports of Mr. Henderson, as described above at 2. Finally, the ALJ noted that agency consultants believed that Plaintiffs claims were "out of proportion with the medical problems that could be identified from the objective evidence." (AR at 34). The ALJ gave clear, specific reasons why she found Plaintiff's testimony not credible, and those reasons were supported by substantial evidence. Therefore, the ALJ did not commit legal error.

### **4.**     **Assessment of Plaintiff's RFC**

First, Plaintiff argues that the ALJ incorrectly assessed Ms. Clitso's RFC because she did not properly take into account the opinions of Dr. Knott, Mr. Henderson, and Plaintiff's own testimony. (Dkt. 14 at 15). For the reasons explained above, the ALJ was not in error in her assessment of the weight and credibility of those sources, and thus she could properly exclude their assessments. Second, Plaintiff's motion states:

> The Court [sic] has held that a claimant '[sic]who must alternate periods of sitting, standing and walking throughout the course of each day . . [sic] "does not have the capacity to do most jobs available in the national economy," including sedentary occupations.

(Dkt. 14 at 16) (citations omitted). This is a misrepresentation of the authority and is unpersuasive.³ Third, Plaintiff suggests that the ALJ did not properly pose her hypothetical question to the vocational expert at the March 1, 2005 hearing. The SSA bears the burden to show that Plaintiff can do substantive, gainful work that exists in the national economy. *Magellanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989). The SSA may use a vocational expert to meet this burden. *Id*. In this process, the ALJ must pose a hypothetical question to a vocational expert which includes all of a claimant's limitations and restrictions. *Id*. Such limitations and restrictions must be supported by the record, and a "vocational expert's opinion about a claimant's residual functional capacity has no evidentiary value if the

---

³ The case in question, *Gallant v. Heckler*, 753 F.2d 1450,1454 (9th Cir. 1984), states:

> . . . the medical evidence and claimant's testimony depict an individual who cannot sit, stand or walk for any length of time without severe pain, and who must alternate periods of sitting, standing and walking throughout the course of each day. "**A man who cannot walk, stand or sit for over one hour without pain** does not have the capacity to do most jobs available in the national economy." *Delgado v. Heckler*, 722 F.2d 570, 574 (9th Cir.1983).

*Gallant*, 753 F.2d at 1454 (emphasis added). Plaintiff omitted the bolded portions of this passage in his motion. Plaintiff's counsel should be aware that such an omission does not comply with the requirements of Federal Rule of Civil Procedure 11.

1  assumptions in the hypothetical are not supported by the record." *Id.* (citing *Embrey v.*
2  *Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)).  This Court rejects Plaintiff's claim that the ALJ
3  improperly excluded the limitation described in a report of Dr. Knott that Plaintiff would
4  have to walk around for five minutes each hour.  (Dkt. 14 at 16, AR at 195).  As described
5  above, the ALJ gave clear and convincing reasons for not giving Dr. Knott's opinion
6  controlling weight, and those reasons were supported by substantial evidence.  Therefore,
7  the ALJ did not commit legal error in not giving Dr. Knott's testimony controlling weight,
8  and thus she was not required include all of his opinions in the hypothetical question to the
9  vocational expert.

## CONCLUSION

For the foregoing reasons, the decision of the ALJ is supported by substantial evidence.  *See Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003); *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996).  Therefore, summary judgment in favor of Defendant is appropriate as a matter of law.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. 13), is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Cross-Motion for Summary Judgment (Dkt. 17), is hereby **GRANTED**.

DATED this 12th day of July, 2007.

Stephen M. McNamee
United States District Judge